Ronald G Rosenberg (SBN 108602)
ROSENBERG & KOFFMAN
2029 Century Park East, Suite 1700
Los Angeles, CA 90067
Telephone: 310-553-1400
Facsimile: 310-553-1401
Email: ron@randklaw.com

Attorneys for Plaintiff, George Russell

**FILED**
FEB 15 2018
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>TODD CHRISTOPHER YATES,<br><br>Debtor.<br><br>---<br><br>GEORGE RUSSELL, Derivatively on behalf of P.J. Video Services, Inc.;<br><br>Plaintiff,<br><br>v.<br><br>TODD CHRISTOPHER YATES<br><br>Defendant,<br><br>P. J. VIDEO SERVICES, INC., a California corporation,<br><br>Nominal Defendant. | Case No.: 8:17-BK-14431 CB<br><br>(Assigned to the Honorable Catherine E. Bauer, Courtroom 5D)<br><br>**Chapter 7**<br><br>Adv. No.:<br><br>**COMPLAINT TO DETERMINE NONDISHARGEABILITY OF DEBT** |

1

ADVERSARY COMPLAINT

George Russell, Derivatively on Behalf of P.J. Video Services, Inc. ("Plaintiff"), by and through counsel, respectfully submits this adversary complaint against Todd Christopher Yates ("Debtor") and P.J. Video Services, Inc., a Nominal Defendant (collectively, "Defendants"), and specifically alleges as follows:

### Jurisdiction and Venue

1. This adversary proceeding arises out of and is related to the voluntary chapter 7 case filed by Debtor in this Court on November 9, 2017 as case no. 8:17-BK-14431 CB (the "Bankruptcy Case").

2. This proceeding is brought pursuant to Fed. R. Bankr. P. 7001.

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334.

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408(1) and 1409(a).

5. This is action is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

### Parties

6. Plaintiff, George Russell, is an individual who is a shareholder in P.J. Video Services, Inc. ("PJ"), on whose behalf this adversary action has been commenced. Plaintiff is filing this action in a derivative capacity for PJ.

7. Plaintiff did not make a demand on PJ to sue Debtor because, as explained below, such a demand would have been futile. Debtor and the third shareholder, Jonathan Hicks, together borrowed almost $786,007.35 from PJ without Plaintiff's knowledge or consent and failed to repay that sum. A request for them to have PJ sue the two of them would have been a futile act.

8. Debtor and Defendant, Todd Christopher Yates, is an individual residing in Orange County, California. He filed this action on November 9, 2017.

9. Nominal Defendant, PJ, is a California corporation with its principal place of business in Orange County, California. Plaintiff has been advised that PJ is no longer conducting business.

## Common Facts

10. In about 2006, Plaintiff became a minority shareholder in PJ. Plaintiff has been advised by PJ that he owns 4.761904 percent of the outstanding shares of stock in PJ.

11. On October 10, 2013, Plaintiff and Debtor, as president of PJ, entered into a written agreement pursuant to which PJ was to acquire all of Plaintiff's shares of stock in PJ for $47,619.04 ("Purchase Agreement"). Pursuant to that Purchase Agreement, payments were to be made over time with the final payment occurring no later than January 1, 2017.

12. PJ breached the Purchase Agreement by failing to pay any of the required sums for Plaintiff's shares. Pursuant to the terms of the Purchase Agreement, the final payment was to be made by January 1, 2017, but no payments whatsoever have been paid so that he is now owed the principal plus interest.

13. In the last quarter of 2017, Plaintiff was advised by Debtor that PJ was in financial trouble, that the bank had foreclosed on its assets, that a new company had purchased the assets of PJ from the bank that foreclosed on PJ and that Debtor and the other shareholder, Jonathan E. Hicks ("Hicks") were going to work for and operate the video production business of the new company just as they had operated PJ.

14. After being notified of PJ's financial troubles in the fourth quarter of 2017, Plaintiff requested that Debtor provide him with information and financial data from Debtor. Some of the information provided reflects the fact that for a number of years, the Debtor and Hicks were taking "loans" from PJ without the knowledge or consent of Plaintiff. As of September 30, 2017, PJ reported that the loans to shareholders totaled $786,007.35.

15. In his Voluntary Petition in this Bankruptcy, Debtor reported that he owes PJ the sum of $572,000.00 for loans to him.

16. PJ had its assets foreclosed upon due to the fact Debtor and Hicks took

$786,007.35 in loans from the PJ instead of paying a portion of that money to the bank that had loaned money to PJ.

17. Plaintiff has been informed by Debtor that: (a) in August 2017, the lender, Capital Bank demanded payments on two loans to the PJ, which were apparently personally guaranteed by Debtor and his wife; and (b) the arrearage at that time was a total of $45,006.73. If Debtor and Hicks repaid PJ for their personal loans from PJ, then PJ would have had the necessary funds to repay the bank.

18. In his Voluntary Petition, Debtor claims that the amount he still owes on those loans to Capital Bank is $428,661.74. That sum is far less than the monies he claims to owe to PJ for "loans" to him from the corporation.

## FIRST CLAIM FOR RELIEF
## [AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS]
## [11 U.S.C. § 523(a)(4)]

19. Plaintiff refers to and incorporates each of the above allegations, as though they are fully restated herein.

20. Pursuant to 11 U.S.C. §523(a)(4), an individual debtor may not receive a discharge of a debt where there is a fraud or defalcation while acting in a fiduciary capacity, embezzlement or larceny.

21. Debtor took at least $572,000 from PJ, and permitted another shareholder, Hicks, to take in excess of $200,000, while acting in a fiduciary capacity in his position as an officer and/or director and majority shareholder of PJ. Debtor took such action without the permission, knowledge or consent of Plaintiff and did so in order to help himself personally with total disregard for the well-being of the corporation.

22. Debtor took the money from PJ without any intention of repaying that sum and without regard for the financial damage he was causing to PJ. By taking money from the corporation, he deprived the corporation of adequate capital to pay its debts, including but not limited to the debt to Plaintiff and the debt to Capital

Bank.

23. Debtor knew or should have known at the times he and Hicks took money from PJ that such actions would prevent PJ from paying it obligations and from paying Plaintiff the money owed to him by PJ.

24. Debtor's actions in using PJ's assets as his own, show a complete disregard for corporate formalities and his use of the corporate assets for his own personal expenses makes him personally liable for the debts of the corporation, including the debt to Plaintiff. As a result of the foregoing, Debtor is the alter ego of PJ.

25. PJ has been damaged by Debtor's behavior in the sum of $786,007.35 and Plaintiff has been damaged in a sum in excess of $60,000.00.

26. Due to Debtor's breach of his fiduciary duty, the debt to PJ of $786,007.35 and the debt to Plaintiff of in excess of $60,000 are non-dischargeable.

## SECOND CLAIM FOR RELIEF
## [WILLFUL AND MALICIOUS INJURY]
## [11 U.S.C. § 523(a)(6)]

27. Plaintiff refers to and incorporates each of the above allegations, as though they are fully restated herein.

28. Pursuant to 11 U.S.C. §523(a) (6), an individual debtor may not receive a discharge of a debt where there was willful and malicious injury by the debtor to another entity or to the property of another entity.

29. Debtor took at least $572,000 from PJ, and permitted another shareholder, Hicks, to take in excess of $200,000, while acting in a fiduciary capacity in his position as an officer and/or director and majority shareholder of PJ. Debtor took such action without the permission, knowledge or consent of Plaintiff and did so in order to help himself personally with total disregard for the well-being of the corporation.

30. Debtor took the money from PJ without any intention of repaying that

sum and without regard for the financial damage he was causing to PJ. By taking money from the corporation, he knowingly deprived the corporation of adequate capital to pay its debts, including but not limited to the debt to Plaintiff and the debt to Capital Bank.

31. Debtor knew or should have known at the times he and Hicks took money from PJ that such actions would prevent PJ from paying it obligations and from paying Plaintiff the money owed to him by PJ. Debtor took such action with complete disregard for PJ and for Plaintiff.

32. Debtor's actions in using PJ's assets as his own, show a complete disregard for corporate formalities and his use of the corporate assets for his own personal expenses makes him personally liable for the debts of the corporation, including the debt to Plaintiff. As a result of the foregoing, Debtor is the alter ego of PJ.

33. PJ has been damaged by Debtor's behavior in the sum of $786,007.35 and Plaintiff has been damaged in a sum in excess of $60,000.00.

34. Due to Debtor's breach of his fiduciary duty, the debt to PJ of $786,007.35 and the debt to Plaintiff of in excess of $60,000 are non-dischargeable.

WHEREFORE, Plaintiff prays for judgment in favor of Plaintiff and against the Defendants, as follows:

    a. For an order declaring the debt owed to P.J. Video Services, Inc. in the sum of $786,007.35 non-dischargeable pursuant to 11 U.S.C. § 523(a)(4) and/or (6).

    a. On the First Claim for Relief, (i) for avoidance, pursuant to 11 U.S.C. § 523(a)(4), of the $786,007.35 Debtor took for himself and allowed to be taken by Hicks, from P.J. Video Services, Inc, and (ii) for an award against Debtor for $786,007.35.

    b. On the Second Claim for Relief, (i) for avoidance, pursuant to 11 U.S.C. § 523(a)(6), of the $786,007.35 Debtor took for himself and allowed to be taken by

1  Hicks, from P.J. Video Services, Inc, and (ii) for an award against Debtor for
2  $786,007.35.
3      c.    An award of all applicable interest and costs.
4      d.    Such other and further relief that the Court may deem just and proper.

6  DATED: February 14, 2018        ROSENBERG & KOFFMAN

9  By: _____
    Ronald G. Rosenberg
10    Attorneys for George Russell

## Verification

I, George Russell, hereby declare:

I am a shareholder of P.J. Video Services, Inc., a California corporation. I was a shareholder at the time of the wrongful conduct complained of in this Adversary Complaint, and I remain a shareholder. I have retained counsel and am vigorously pursuing this action on behalf of P.J. Video Services, Inc.

I have reviewed the Adversary Complaint and I have personal knowledge of the facts alleged and they are true and correct to the best of my knowledge, information and belief.

I declare under penalty of perjury under the laws of the United States and California, that the foregoing is true and correct.

Executed this 14th day of February, 2018 at Santa Monica, California.

_/s/ George Russell_

George Russell

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS<br>GEORGE RUSSELL, Derivatively on behalf of P.J. Video Services, Inc. | DEFENDANTS    TODD CHRISTOPHER YATES<br>P. J. VIDEO SERVICES, INC., a California corporation, |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>ROSENBERG & KOFFMAN<br>2029 Century Park East, Suite 1700<br>Los Angeles, CA 90067    (310) 553-1400 | ATTORNEYS (If Known)<br>Red Hill Law Group<br>38 Corporate Park, Suite 31<br>Irvine, CA 92606    (714) 733-4455 |
| PARTY (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor    ☐ Other<br>☐ Trustee | PARTY (Check One Box Only)<br>☒ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☐ Trustee |

CAUSE OF ACTION (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
1. AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS
   [11 U.S.C. § 523(a)(4)]
2. WILLFUL AND MALICIOUS INJURY
   [11 U.S.C. § 523(a)(6)]

RECEIVED
FEB 15 2018
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:_____ Deputy Clerk

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☒ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☒ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☒ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☒ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $786,007.35 |
| Other Relief Sought | |

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR   TODD CHRISTOPHER YATES | BANKRUPTCY CASE NO. 8:17-BK-14431 CB | |
| DISTRICT IN WHICH CASE IS PENDING<br>Central District | DIVISION OFFICE<br>Santa Ana | NAME OF JUDGE<br>Catherine E. Bauer |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE   February 14, 2018 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)   Ronald C. [signature] | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.